UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
http://www.flsb.uscourts.gov

In re:

CINEMEX HOLDINGS USA, INC.,[1]                    Chapter 11 (Subchapter V)

    Debtor.                                   Case No. 25-17559-CLC
_____/

In re:

CMX CINEMAS, LLC,                                 Chapter 11 (Subchapter V)

    Debtor.                                   Case No. 25-17561-LMI
_____/

In re:

CB THEATER EXPERIENCE LLC,                        Chapter 11 (Subchapter V)

    Debtor.                                   Case No. 25-17563-LMI
_____/

**DEBTORS' *EX PARTE* MOTION FOR ORDER DIRECTING (I) JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY AND (II) INTER-DISTRICT TRANSFER**

The above-captioned debtors and debtors-in-possession respectfully state the following in support of this e*x parte* motion for joint administration of the above-captioned related Chapter 11 cases for procedural purposes only and inter-district transfer (the "Motion"):

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is

---

[1] The Debtors in these cases and the last four digits of each Debtors' federal tax identification number are as follows: (1) Cinemex Holdings USA, Inc. (5502); (2) CMX Cinemas, LLC (1938); and (3) CB Theater Experience LLC f/ka Cobb Theater Experience LLC f/k/a Cinemex NC, LLC (0563). The address for the Debtors is 4300 Biscayne Blvd, Suite 203, Miami, FL 33137.

proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicate for the relief sought herein is section 105(a) of the Bankruptcy Code, as complemented by Bankruptcy Rule 1015(b), and Local Bankruptcy Rules 1015-1(A) and 9013-1(C).

## Background

3. On June 30, 2025, Cinemex Holdings USA, Inc., CMX Cinemas, LLC and CB Theater Experience LLC (together, the "Debtors" or "Cinemex"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. In April 2020, Cinemex Holdings USA, Inc. ("Holdings"), CB Theater Experience LLC ("CB Theater"), and Cinemex USA Real Estate Holdings, Inc. ("USA Real Estate") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code and were assigned Case No. 20-14696-LMI, Case No. 20-14699-LMI, and Case No. 20-14695-LMI, respectively (the "Prior Chapter 11 Cases").

5. The Prior Chapter 11 Cases were presided over by the Honorable Judge Laurel M. Isicoff.

## Relief Requested

6. The Debtors hereby seek entry of an order (i) directing procedural consolidation and joint administration of these cases; (ii) directing inter-district transfer of Case No. 25-17559 to the Honorable Judge Laurel M. Isicoff, and (iii) granting related relief.

7. Given the relationship between the Prior Chapter 11 Cases and the Debtors' pending bankruptcy cases, and pursuant to Fed.R.Bankr.P. 1015 and Local Rules 1015-1(B) and

2

4933-1748-5650, v. 1

4933-1748-5650, v. 1

1073-1(C)(2)(b), the Debtors respectfully request the Court enter an order transferring Case No. 25-17559 from the Honorable Corali Lopez-Castro to the Honorable Laurel M. Isicoff.

## Legal Argument

8. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Cinemex Holdings USA, Inc. and that the cases be administered under a consolidated caption, as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

| | |
|---|---|
| CINEMEX HOLDINGS USA, INC., CMX CINEMAS, LLC, and CB THEATER EXPERIENCE LLC, | Chapter 11 (Subchapter V) |
| | Case No. 25-17559-LMI |
| | (Jointly Administered) |
|         Debtors. | |
| _____/ | |

9. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

10. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Cinemex Holdings USA, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Florida directing joint administration for procedural purposes only of the chapter 11 cases of Cinemex Holdings USA, Inc., Case No. 25-17559, CMX Cinemas, LLC., Case No. 25-17561, and CB Theater Experience LLC, Case No. 25-17563. The docket in Case No. 25-17559 should be consulted for all matters affecting this case. **All**

**further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 25-17559-LMI.**

11. According to the notes of the Advisory Committee on the Bankruptcy Rules, joint administration may include combining the Debtors' estates by using a single docket for matters occurring in the administration thereof, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other pending administrative matters "that may aid in expedition of the cases and rendering the process less costly."

12. Most, if not all, of the applications, notices and orders to be filed with the Court will affect each of the Debtors and their respective creditors. It would be an unnecessary burden on this Court and the Clerk's office to maintain separate dockets for each of the affiliated Debtors. Joint administration facilitates an orderly and efficient administration thereof.

13. Pursuant to the requirements of Local Rule 1015-1(A), the Debtors state that joint administration will not give rise to any conflict of interest among the estates of the Debtors. The rights of the respective creditors of the Debtors will not be adversely affected by joint administration of these cases because the relief sought is purely procedural and not intended to affect substantive rights. Each creditor and party-in-interest will maintain whatever claims or rights it allegedly has against a particular estate. Moreover, creditors will benefit from joint administration because it will prevent different and duplicative efforts and will provide an efficient means of administering the cases.

14. Finally, the Court will be relieved of the burden of scheduling duplicative hearings, entering duplicative orders and maintaining redundant files.

15. Separately, an inter-district transfer of Case No. 25-17559 to the Honorable Laurel M. Isicoff is merited in these circumstances. While Case No. 25-17559 is the first-filed case, that Debtor is Holdings, which (i) is an "affiliate" (within the meaning of Section 101(2) of the

Bankruptcy Code) of USA Real Estate, which has an adversary proceeding before the Honorable Laurel M. Isicoff (Adv. Proc. No. 25-1120-LMI) that was only recently dismissed and (ii) was one of the Prior Chapter 11 Cases pending before the Honorable Laurel M. Isicoff. In addition, the interests of all parties in interest would be served by permitting the Debtors' bankruptcy cases to proceed in a forum with institutional familiarity with the Debtors' affairs.

16. No previous request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as **Exhibit A** granting Debtors' *ex parte* motion for an order directing (i) joint administration of related chapter 11 cases for procedural purposes only; (ii) inter-district transfer, and (iii) granting such other and further relief as is just and proper.

<table>
<tr><td>Dated: July 1, 2025</td><td>Respectfully submitted,<br><br>BAST AMRON LLP<br>One Southeast Third Avenue, Suite 2410<br>Miami, FL 33131<br>Telephone: (305) 379.7904<br>Email: jbast@bastamron.com<br>Email: jleggett@bastamron.com<br><br>By: */s/ Jaime B. Leggett*<br>Jeffrey P. Bast, Esq. (FBN 996343)<br>Jaime B. Leggett, Esq. (FBN 1016585)<br><br>-and-<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br><br>Patricia B. Tomasco (pro hac vice pending)<br>711 Louisiana Street, Suite 500<br>Houston, Texas 77002<br>Telephone: 713-221-7000<br>Facsimile: 713-221-7100<br>Email: pattytomasco@quinnemanuel.com<br><br>*Proposed Counsel for the Debtors*</td></tr>
</table>

6

# Exhibit A

00251776.DOCX

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

| | |
|---|---|
| CINEMEX HOLDINGS USA, INC.,[1] | Chapter 11 (Subchapter V) |
| | Case No. 25-17559-CLC |
| Debtor. | |
| _____/ | |

In re:

| | |
|---|---|
| CMX CINEMAS, LLC, | Chapter 11 (Subchapter V) |
| | Case No. 25-17561-LMI |
| Debtor. | |
| _____/ | |

In re:

| | |
|---|---|
| CB THEATER EXPERIENCE LLC, | Chapter 11 (Subchapter V) |
| | Case No. 25-17563-LMI |
| Debtor. | |
| _____/ | |

---

[1] The Debtors in these cases and the last four digits of each Debtors' federal tax identification number are as follows: (1) Cinemex Holdings USA, Inc. (5502); (2) CMX Cinemas, LLC (1938); and (3) CB Theater Experience LLC f/ka Cobb Theater Experience LLC f/k/a Cinemex NC, LLC (0563). The address for the Debtors is 4300 Biscayne Blvd, Suite 203, Miami, FL 33137.

1

**ORDER GRANTING DEBTORS' *EX PARTE* MOTION FOR ORDER DIRECTING (I) JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY AND (II) INTER-DISTRICT TRANSFER**

THIS MATTER came before the Court *ex parte* upon the Debtor's *Ex Parte Motion for Order Directing (I) Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only and (II) Inter-District Transfer* (the "Motion") (ECF No. ____), pursuant to Federal Rule of Bankruptcy Procedure 1015 and Local Rules 1015-1(A)(2)(b), 1073-1(C), and 9013-1(C), filed by debtors Cinemex Holdings USA, Inc., CMX Cinemas, LLC, and CB Theater Experience LLC (the "Debtors" or "Cinemex"). The Court finds that good and sufficient notice of the Motion have been provided; and the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors. Having reviewed the Motion and the record herein and finding good and sufficient cause exists for granting the relief requested, it is

ORDERED that:

1. These cases shall be jointly administered. Case No. 20-17559-LMI is designated as the "lead case."

2. Case No. 25-17559 is hereby transferred from the Honorable Corali Lopez-Castro to the Honorable Laurel M. Isicoff.

3. A single case docket and court file will be maintained under the "lead case" number.

4. Hearings in these jointly administered cases shall be joint hearings unless otherwise specified.

5. The style of these jointly administered cases shall be the style set forth below:

2

4908-8570-6834, v. 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

CINEMEX HOLDINGS USA, INC.,            Chapter 11 (Subchapter V)
CMX CINEMAS, LLC, and CB
THEATER EXPERIENCE LLC,               Case No. 25-17559-LMI

                                                                                           (Jointly Administered)

                    Debtors.
_____/

6. Pleadings filed in other than the lead case shall be captioned under the lead case name and case number, followed by the words "(Jointly Administered)" and beneath that caption, the case name and number for the case in which the document is being filed. Claims filed shall indicate only the case name and the case number in which the claim is asserted. Separate claims registers shall be maintained for each case. Ballots shall be styled and filed only in the case number and number of the member case for which the plan being voted on was filed.

7. A docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Cinemex Holdings USA, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Florida directing joint administration for procedural purposes only of the chapter 11 cases of Cinemex Holdings USA, Inc., Case No. 25-17559, CMX Cinemas, LLC., Case No. 25-17561, and CB Theater Experience LLC, Case No. 25-17563. The docket in Case No. 25-17559-LMI should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 25-17559-LMI.**

3

4908-8570-6834, v. 1

8. The Debtors will not commingle assets or liabilities unless and until it is determined, after notice and hearing, that these cases involve the same debtor or that another ground exists to order substantive consolidation of these cases.

# # #

Submitted by:

BAST AMRON LLP
Jeffrey P. Bast, Esq.
Jaime B. Leggett, Esq.
One Southeast Third Avenue, Suite 2410
Miami, Florida 33131
Telephone: 305-379-7904
Email: jbast@bastamron.com
Email: jleggett@bastamron.com

-and-

Patricia B. Tomasco (pending *pro hac vice*)
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: 713-221-7000
Facsimile: 713-221-7100
Email: pattytomasco@quinnemanuel.com

*Proposed Counsel for the Debtors*

Copies to:
*Attorney Jeffrey P. Bast, who shall serve all interested parties and file a certificate of service reflecting same*